```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
EQUAL EMPLOYMENT OPPORTUNITY       :
COMMISSION,                        :
                                   :
               Plaintiff,          :
                                   :
CHARLES BROWN                      :
               Plaintiff-,         :
               Intervenor          :
                                   :
          -against-                :        OPINION
                                   :   71 Civ. 2877 (RLC)
INTERNATIONAL ASSOCIATION OF       :
BRIDGE STRUCTURAL AND              :
ORNAMEMTAL IRONWORKERS LOCAL 580   :
                                   :
               Defendant.          :
                                   :
-----------------------------------X

APPEARANCES

192 Shady Brook Lane
Pomona, NY 10970

                CHARLES BROWN
                           Pro Se

COLLERAN, O'HARA & MILLS LLP
Attorneys for Defendant
1225 Franklin Avenue, Suite 450
Garden City, NY 11530

                JOHN S. GROARKE
                           Of Counsel
```

ROBERT L. CARTER, District Judge

Presently before the court is Local 580's motion for sanctions against Charles Brown, including the dismissal of his claim against it, because of Brown's refusal to provide certain documents to it. The court denies defendant's motion for sanctions and refers the case back to an appropriate court for further resolution consistent with this decision and the court's final determination regarding the discoverability of the documents in question.

**Background**

This race discrimination lawsuit was originally brought by government agencies against the Local 580 union on behalf of black and Latino members of the union. In 1978, the court found that Local 580 had discriminated against black and Latino union members in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and entered an order permanently enjoining Local 580 from discriminating in its recruitment or admission practice. See EEOC v. Local 580, et al., No. 71 Civ. 2877, Consent Judgment (S.D.N.Y. July 20, 1978) (Werker, J.). The order also required the parties to work with a court-appointed administrator to establish an affirmative action program. Over the years, the court has issued a series of orders, with which knowledge is assumed, in an attempt to remedy Local 580's past discrimination and ensure its compliance with court-imposed remedies. Much of the litigation to date has

resulted from Local 580's noncompliance with this court's orders after liability was established in 1978.  Charles Brown is a member of the plaintiff-intervenors class in this lawsuit.

On April 13, 2007, the magistrate court conducted a conference with Charles Brown and defendant to set a discovery schedule for his claim against the union.  The court ordered that applications for discovery relief be filed by June 8, 2007. On May 31, 2007, Local 580 requested a conference because Brown had not responded to its discovery requests.

On June 7, 2007, Judge Dolinger held a follow-up conference with the parties.  Brown challenged the propriety of several of the union's discovery requests, including releases of records regarding his current employment.  Judge Dolinger issued an order that required Brown to provide responses to most of the union's requests.  Specifically, he directed Brown to provide a set of documents, which Brown submitted to the court ex parte, to defendant, to answer the union's interrogatories, and to sign the authorizations that the union sent to him, by June 20, 2007. Judge Dolinger indicated that identification of Brown's past or present employers was to be held by the union's attorneys on an "attorney's eye only basis."

On June 13, 2007, plaintiff informed Judge Dolinger that he was seeking legal counsel for this lawsuit.  In response, Judge Dolinger issued an order to indicate that his June 13, 2007

order remained in effect until such time that Brown's counsel requested an extension.  At the same time, Brown requested that the union attorney agree to extend the discovery deadline, and the counsel agreed that Brown could supply the requested information by July 15, 2007.  On July 10, 2007, Brown sent a letter to Judge Dolinger, arguing that the union did not need his employers' information.  In response, Judge Dolinger noted that the union did not make an application for discovery relief and that no action would be taken regarding the letter.

The union filed a motion for a discovery order and sanctions based on Brown's refusal to provide his employment information on August 13, 2007.  The motion rested on Brown's failure to answer defendant's interrogatories and his refusal to provide releases of Social Security earnings information, Internal Revenue Service tax documents, records of New York state unemployment compensation and New York workers' compensation.  Brown responded to the union's motion, arguing that the union's discovery requests were "harassing" and "unfair."  Before the motion was resolved, the union served a notice of deposition on Brown for an October 24, 2007 appearance.  Brown did not appear at the deposition.

On December 20, 2007, Judge Dolinger again granted the union's request for an order compelling Brown to provide the requested information by January 3, 2008.  In its order, the

court stated that it would not recommend sanctions against Brown, but that his failure to respond to the discovery would incur future sanctions. On January 4, 2008, the union's counsel informed Judge Dolinger that Brown had not complied with the order. Judge Dolinger authorized the union to move for sanctions, and following the union's January 18, 2008 motion, the court issued a briefing schedule that called for Brown to serve and file his response by February 1, 2008. Brown did not directly respond to the motion. However, Brown did contact the district court regarding the status of his case on several occasions to state his concerns with Judge Dolinger's determination. Brown submitted a letter to the district court regarding his concerns about Judge Dolinger's determination that his employment information is discoverable on February 26, 2008.

On June 13, 2008, Judge Dolinger recommended that this court grant the defendant's motion for sanctions against Charles Brown. Brown objected to the report and recommendation on June 23, 2008. Brown is a pro se litigant in this matter.

**DISCUSSION**

Pursuant to Rule 37, F.R. Civ. P., district courts have broad discretion in imposing sanctions to compel compliance with discovery orders. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976)(per curiam).

"[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations. . .and then only when the court finds willfulness, bad faith, or any fault on the part of the [of a party]." See Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir.1990). It is an extreme remedy, only appropriate in extreme circumstances. However, the sanction of dismissal with prejudice may be imposed on a pro se litigant if warning was provided to the litigant that noncompliance with the court's order could result in dismissal. See Bobal, 916 F.2d at 766. "[A]ll litigants, including pro ses, have an obligation to comply with court orders." Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990)(internal quotes omitted).

This court is not convinced that Brown's refusal to comply with Judge Dolinger's original discovery order was the result of "willfulness" or "bad faith." This matter has a long and storied history, and the court is not convinced that Brown has exhibited conduct worthy of dismissing his discrimination claims against defendant. Brown has contacted this court on various occasions to express his dissatisfaction with the discovery requests of defendant. Although such correspondence was not an appeal of Judge Dolinger's order in proper form, this court is convinced that Brown intended to appeal Judge Dolinger's order in his February 26, 2008 letter, and thus Brown's noncompliance with the discovery requests was not in "bad faith."

Furthermore, Brown's conduct does not amount to the sort of tactical litigation delays or other misconduct for which the sanction of dismissal is normally granted. See, e.g., Friends of Animals Inc. v. United States Surgical Corp., 131 F.3d 332, 333-34 (2d Cir. 1994) (upholding dismissal after magistrate judge warned plaintiff on five occasions about the possibility of the drastic sanction of dismissal, and there were 650 entries in the docket relating to discovery disputes and tactical delays of litigation); John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1998) (affirming court's grant of sanctions after plaintiff delayed discovery for three years and was warned twice about the possibility of the sanctions of dismissal of the complaint). The harsh sanction of dismissal with prejudice is entirely inappropriate at this time, however, any future noncompliance by Brown may result in dismissal. Brown cannot continue to hinder discovery after this court's determination regarding the issues at bar.

The court now turns to the issue of discoverability of the disputed documents. Pursuant to Rule 72(a), F.R. Civ. P., "A party may serve and file objections to the order within 10 days after being served with a copy." "Pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995)(citation omitted). Brown did not file a timely objection

to Judge Dolinger's order regarding the discoverability of the disputed documents. However, pro se litigants "should not be impaired by harsh application of technical rules," and therefore courts "make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

This court shall make a final determination regarding the discoverability of the sought employment information after the parties have met with this court for a hearing on this issue. Although not in proper form, Brown has disputed Judge Dolinger's decision to allow the defendant to seek the questioned discovery. Charles Brown is a pro se litigant in this lawsuit, and pro se litigants "should not be impaired by harsh application of technical rules." Brown's correspondence to this court was in effect an appeal of Judge Dolinger's determination that the employment documents are discoverable. However, he did not file an objection within the ten-day objection period, and it is unclear whether his correspondence was served on defendant.

Despite this procedural failure, district courts may sua sponte review a magistrate's determination, where both parties fail to properly object to the magistrate's determination, as is the case here. See, e.g., United States v. Male Juvenile, 121

F.3d 34 (2d Cir. 1997). Although beyond the ten-day objection period, Brown's correspondence to the court expressed serious reservations about defendant's request for his employment information.  This court shall review the discoverability of the documents in question.  Brown is now on notice that he must appeal Judge Dolinger's orders within ten days, and failure to comply with this deadline will result in waiver of his right to appeal.  Furthermore, the harsh remedy of sanctions would be entirely appropriate in the case of future noncompliance by Brown with this court's or any other court's determinations regarding this matter.

**CONCLUSION**

Defendant's motion for sanction against Charles Brown is denied. Following this court's determination regarding the discoverability of the documents at issue, both parties shall comply with this court's determination, and Charles Brown is on notice that any future noncompliance with this court's determination may result in dismissal of his claim against defendant.

**IT IS SO ORDERED**

DATED:   New York, New York
         August 18, 2008

_____
ROBERT L. CARTER
U.S.D.J.