USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/10/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EQUAL EMPLOYMENT OPPORTUNITY : 
COMMISSION, THE CITY OF NEW YORK and THE :
NEW YORK STATE DIVISION OF HUMAN RIGHTS, :
                                         :

              Plaintiffs, :

            - against - : 71 Civ. 2877 (LAK)

LOCAL 638 . . . :
LOCAL 25 OF THE SHEET METAL WORKERS' :
INTERNATIONAL ASSOCIATION, LOCAL 25 JOINT :
APPRENTICESHIP COMMITTEE, *et al.*, :
                                         :

              Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## CONSENT DECREE

      This Consent Decree ("Decree") is entered into by and between plaintiff UNITED

STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC" or

"Plaintiff") and defendant LOCAL 25 JOINT APPRENTICESHIP COMMITTEE

("JATC" or "Defendant") (collectively, the "Parties").

## BACKGROUND

      WHEREAS, this action was commenced in 1969 by the United States

Government (the EEOC was later substituted for the U.S. Government) pursuant to Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e *et seq.*, alleging a

pattern or practice of discrimination against Blacks and Puerto Rican Americans on

account of race and national origin. *See United States v. Sheet Metal Workers*

*International Association Local Union No. 10, et al.*, No. 487-69 (D.N.J.) ("Local 10 case"); and

WHEREAS, on June 5, 1973, the United States District Court for the District of New Jersey entered an order containing a permanent injunction enjoining the Defendants Sheet Metal Workers International Association, Local Union No. 10 and the Joint Apprenticeship and Training Committee ("Defendants") from engaging in discriminatory practices and directing the Defendants to take steps to remedy their past conduct ("Local 10 Order"); and

WHEREAS the Local 10 Order was in effect from June 5, 1973 until May 17, 1983, when it was superseded by the affirmative action program and order entered in *EEOC v. Local 638 . . . Local 25 of the Sheet Metal Workers' International Association, Local 25 Joint Apprenticeship Committee, et al.*, 401 F. Supp. 467 (S.D.N.Y. 1975), *aff'd as mod.,* 532 F.2d 821 (2d Cir. 1976); 565 F.2d 31 (2d Cir. 1977) (affirming the Revised Affirmative Action Program & Order); 753 F.2d 1172 (2d Cir. 1985) (affirming two contempt decisions and the Amended Affirmative Action Program & Order) (hereinafter "AAAPO"), *aff'd* 478 U.S. 421 (1986) ("Local 28 case"); and

WHEREAS, in 1975, this Court appointed David Raff, Esq. as the Administrator/Special Master in this case; and

WHEREAS, on June 1, 1991, Edward Carlough, the General President of the International, separated or "demerged" the northern New Jersey counties from Local 28 and created Local 25 of the Sheet Metal Workers' International Association; and

2

WHEREAS, the Administrator found that Local 25 is covered by the terms of the Local 28 Order and Judgment of August 20, 1975 and the AAAPO; and

WHEREAS, Local 25 is a successor to Local 28 insofar as Local 28 had become the successor to Local 10; and

WHEREAS, the JATC is the successor to Local Union 28 JAC-NJ; and

WHEREAS, on June 5, 2008 Todd Johnson filed an appeal of his discharge from the JATC with the Special Master (the "Appeal") and on October 6, 2008 Todd Johnson filed a charge of discrimination against the JATC, EEOC Charge Number 520-2008-05174 (the "Charge") (collectively, the "Johnson allegations"); and

WHEREAS, Special Master Raff directed EEOC to investigate the Appeal concurrently with its investigation of the Charge;

WHEREAS, beginning in 2008 EEOC conducted an investigation of the Johnson allegations and concluded that the JATC has violated the Amended Affirmative action Plan and Order ("AAAPO") in terminating Johnson. EEOC further concluded that the JATC has violated the AAAPO in its failure to properly train, review, and evaluate minority apprentices; and

WHEREAS, the JATC has at all times denied that it has violated the Amended Affirmative action Plan and Order ("AAAPO") in terminating Johnson or violated the AAAPO in its failure to properly train, review, and evaluate minority apprentices or in any other way; and

WHEREAS, the AAAPO states in paragraph 25:

3

> Each JAC shall take all reasonable steps to insure that all apprentices
> indentured receive adequate employment and training opportunities. Such
> steps shall include, but not be limited to, providing apprentices with
> classroom instruction including evenings and Saturdays where necessary,
> during periods of unemployment, and shall credit such hours toward
> fulfillment of apprenticeship requirements. Each JAC shall provide to
> plaintiffs, on a weekly basis, the names and attendance records of all
> unemployed apprentices enrolled in these classes. Advanced placement,
> accelerated advancement or graduation of any apprentice may be
> authorized by any JAC, as it deems proper;

and

WHEREAS, EEOC and Defendant desire to settle this matter, and therefore do

stipulate and consent to the entry of this Decree as final and binding between the parties;

and

NOW, THEREFORE, in consideration of the mutual promises of each party to

this Decree, the sufficiency of which is hereby acknowledged, and which the Court has

found to be appropriate, it is ORDERED, ADJUDGED, AND DECREED that:

The terms of this Decree represent the full and complete agreement of the parties.

The parties have agreed that this Decree may be entered into without findings of fact and

conclusions of law having been made and entered by the Court.

## A.    GENERAL PROVISIONS

1.      This Decree resolves all issues raised by Todd Johnson in the Appeal and

in the Charge. Johnson previously entered a separate release agreement with Defendant

that resolved his individual claims. This Decree does not resolve any charge of

discrimination currently pending before EEOC, or any charge that may be filed in the

4

future, other than the charge listed above.  EEOC reserves all rights to proceed regarding matters not covered in this Decree.

2.      The Court has jurisdiction of the subject matter of this action and over the parties, venue is proper, and all administrative prerequisites have been met.

3.      Defendant will not contest the validity of this Decree.

4.      Defendant will not contest the jurisdiction of the United States District Court to enforce this Decree and its terms, or the right of EEOC to bring an enforcement action upon the breach of any term of this Decree by Defendant.

5.      Defendant denies that it has violated any federal, state and/or local law, or that it has any liability under any of the charges or claims which were raised in the Appeal or the Charge, and this Consent Decree is not an admission of liability.

6.      Before any assignment, succession, merger, consolidation, or reorganization, Defendant will provide written notice of this lawsuit, together with a copy of the Appeal and the Charge and this Decree, to any assignee, successor, or entity with which Defendant may merge or consolidate.  Defendant will provide written notice to EEOC fourteen (14) days before any assignment, succession, merger or consolidation affecting Defendant.

**B.      INJUNCTIVE REMEDIES**

7.      Defendant, and its managers, officers, agents, parent organizations, successors, assigns, subsidiaries, affiliates, and any entity into which Defendant may merge or with which Defendant may consolidate, are enjoined from terminating any apprentice because of the individual's race.

8.      Within ninety (90) days after the entry of this Consent Decree, the JATC
will appoint at least one Ombudsperson who will have the responsibilities set forth in the
JATC Anti-Discrimination Training Policy (attached hereto as Exhibit A) and the
JATC's Anti-Discrimination Policy (attached hereto as Exhibit B) and to investigate any
complaints of discrimination, harassment, and retaliation in a fair and consistent manner.
The JATC will provide EEOC the resume of the proposed Ombudsperson and EEOC will
have an opportunity to present its opinion regarding the proposed Ombudsperson to the
JATC and the Special Master.  The EEOC will train the Ombudsperson and others
designated by the JATC in (i) investigation techniques and procedures; (ii) the process by
which an apprentice may lodge an appeal with the Special Master or file a charge with
the EEOC; and (iii) evaluating and recommending appropriate action on apprentice
complaints of discrimination, harassment, and retaliation.

9.      The JATC may revise the JATC Anti-Discrimination Training Policy
(attached hereto as Exhibit A) and the JATC's Anti-Discrimination Policy (attached
hereto as Exhibit B) upon notice to the EEOC and, if the EEOC objects to any such
revision and the parties are unable to reach agreement, upon approval by the Special
Master following such proceedings as the Special Master shall deem appropriate for
consideration of the matter.

10.      Within ten (10) days of the appointment of the ombudsperson, the JATC
will establish and publicize to all of its apprentices a secure email address and phone
number to be used in contacting the Ombudsperson regarding complaints of
discrimination, harassment, or retaliation.  Only the Ombudsperson trained by the EEOC

shall have control over and access to the email address.  If any person or entity brings any complaint of discrimination, harassment, or retaliation to the attention of any JATC instructor, the JATC Training Coordinator, or the Local 25 Business Manager, that complaint immediately shall be forwarded to the Ombudsperson for investigation.

11.     Upon receipt of a complaint, the Ombudsperson promptly shall meet with the complainant and shall conduct an investigation that that will last no longer than thirty (30) days.  If the Ombudsperson finds it necessary to extend the investigation beyond thirty (30) days, s/he will provide the complainant and alleged wrongdoer with notice of the extension and give them a new timetable for completion of the investigation.  The investigation will include an interview with the complainant. It also may include interviews with the person who made the initial report, the alleged wrongdoer, and/or any other person who may have information regarding the allegations, each of whom is encouraged to cooperate with any investigation. The Ombudsperson may also review relevant documents, including prior reports and recommendations.  The Ombudsperson may consult with the JATC's attorney, the EEOC, and/or the Special Master regarding any issue that may arise in the course of an investigation.  The Ombudsperson will conclude the investigation by issuing a report and recommendation ("R & R") to the JATC Trustees, copies of which will be provided to the complainant, the alleged wrongdoer, the Special Master and the EEOC.  The copy provided to the complainant will include notice of the individual's right to file objections to the Ombudsperson's R & R and/or a charge of discrimination with the EEOC.

12. Within ten (10) business days of receipt of the Ombudsperson's R & R, the complainant and/or alleged wrongdoer shall submit in writing to the Trustees any objections.

13. Within fifteen (15) business days of receipt of the complainant's objections to the R & R, if any, the JATC Trustees will issue to the complainant a written decision accepting, modifying, or rejecting it, and will document what remedial action to take, if any, to stop the discrimination, harassment, or retaliation and prevent its recurrence. Such remedial action may include discipline up to and including discharge from employment at JATC or from the JATC program. The copy of the Trustees' written decision that is provided to the complainant will include notice of the individual's right to file an appeal of the decision with the Special Master, and of his/her right to file a charge of discrimination with the EEOC. Where the investigation substantiates a complaint of discrimination, harassment, or retaliation against an employer of a JATC participant, remedies may include any measures available to JATC pursuant to its collective bargaining agreements and pursuant to the court orders and judgments overseen by Special Master David Raff. If the Trustees find it necessary to extend their review beyond fifteen (15) business days, they will provide the complainant, alleged wrongdoer, Special Master, and EEOC with notice of the extension and give them a new timetable for completion of the investigation.

14. The Trustees' written decision concerning any remedial action taken pursuant to the Ombudsperson's R & R does not supplant the JATC's obligations pursuant to Paragraph 57 of the AAAPO to document such decisions.

8

15.     Prior to imposing any adverse action on an apprentice, the JATC Disciplinary Committee shall review for relevant information all investigative R & Rs issued by the Ombudsperson for the past five (5) years. The Committee shall document such review in their written notices concerning adverse action against an apprentice, as required by Paragraph 57 of the AAAPO.

16.     If an apprentice raises a complaint of discrimination in the course of disciplinary proceedings by the JATC Disciplinary Committee, such complaint shall be investigated by the Ombudsperson, in accordance with this Decree, at the conclusion of the Committee's deliberations.

17.     Upon inquiry or request at any time the Ombudsperson will advise an apprentice of his or her right to file a charge of discrimination, harassment, or retaliation with the EEOC within three hundred (300) days of the incident giving rise to his or her complaint and/or to file a complaint with the Special Master, and promptly shall assist the member in insuring that the procedural and administrative requirements for filing such a charge or complaint are met. This assistance will be given without regard to the Ombudsperson's evaluation of the merits of the charge or complaint. The Ombudsperson is not intended to be a lawyer and shall not give legal advice in providing this assistance.

18.     Within sixty (60) days of the entry of this Decree, the JATC will adopt a Progressive Discipline Policy outlining the process by which classroom performance and/or on-the-job performance may trigger various sanctions, up to and including termination from the JATC program. The policy will be submitted to EEOC within thirty (30) days of the entry of this Decree for approval prior to its implementation and will be

9

included in the Apprentice Handbook. JATC will provide contemporaneous notice to
EEOC and the MAP counselors when it issues any warnings or otherwise sanctions an
apprentice pursuant to the Progressive Discipline Policy.

19.    Within forty-five (45) days of the entry of this Decree, the JATC will
enact policies to insure that apprentices are informed on a regular basis during each term
about their performance, and will revise the Apprentice Handbook to clarify the standards
by which such performance will be assessed. Specifically, each apprentice shall receive:
(a) at the end of each week of classroom instruction, a written Apprentice Classroom
Performance Appraisal form ; (b) during each term, a written mid-term progress report;
(c) at the end of each term, a written "report card" that includes the apprentice's GPA,
derived from scores for his or her classroom performance and evaluations of his/her
performance on assigned projects and class rank based on the apprentice's GPA; and (d)
when necessary, a warning letter that s/he is in danger of failing. No apprentice will be
disciplined or terminated based upon classroom performance unless s/he has been
provided timely notice of grades and performance and all necessary preconditions to
termination, pursuant to the Progressive Discipline Policy, have been satisfied.

20.    Within forty-five (45) days of the entry of this Decree, the JATC will
enact policies to insure that apprentices are made aware of their on-the-job performance
on a regular basis, will revise the Apprentice Handbook to clarify the standards by which
such performance will be assessed, and will revise the Apprentice Handbook to specify
that unsatisfactory on-the-job performance with contractor-employers may subject the
apprentice to discipline, up to and including termination from the program.

10

21.     The JATC will make reasonable efforts to insure that contractors submit monthly apprentice evaluations for each apprentice in their employ. Each apprentice will receive a copy of each of his/her evaluations by the contractors. No apprentice will be disciplined or terminated based upon a complaint of poor performance by a contractor unless, during that apprentice's term of employment, the contractor has provided timely evaluations of all apprentices assigned to it and all necessary preconditions to termination, pursuant to the Progressive Discipline Policy, have been satisfied.

22.     Within ten (10) days of the entry of this Decree, the JATC will begin to maintain and thereafter will continue to maintain records of all reports, complaints or allegations of race or national origin discrimination, racial or national origin harassment, or retaliation under the JATC Anti-Discrimination Policy. Such records shall include the name of the complainant; the name and title of the person to whom the complaint was made; the date of the complaint, or, if the complaint was not lodged directly with the Ombudsperson, the date on which the person who received the complaint referred it to the Ombudsperson; the facts alleged by the complainant; the name(s) of any witnesses; the date the Ombudsperson's R & R was issued; and the resolution of the complaint.

23.     In addition to submitting to EEOC and the Special Master all investigative R & Rs, every six (6) months after the entry of this Decree, the Ombudsperson will provide EEOC with an affidavit summarizing all complaints, allegations, or reports of suspected race or national origin discrimination, racial or national origin harassment, or retaliation the JATC has received. If there are no such complaints, reports, complaints, or allegations, the affidavit will specify that fact. The affidavit must contain all of the

11

information required to be in JATC's records as to each complaint, report, or allegation, as described above. A final affidavit will be sent to EEOC thirty (30) days before the date of the expiration of this Decree.

### C.   MONETARY RELIEF

24.    Within fourteen (14) days of the entry of this Decree, Defendant will pay a total of Thirty Four Thousand Five Hundred Dollars ($34,500.00) in backpay to Mr. Johnson. Defendant will simultaneously issue appropriate tax form(s), including W-2 forms for backpay, and send copies of the check and tax form(s) to the EEOC. From the amount for backpay, Defendant will make appropriate withholdings for any applicable federal, state or local income taxes and for employee Social Security taxes pursuant to the Federal Insurance Contribution Act (FICA). Defendant will make any applicable employer contribution for Social Security taxes pursuant to the Federal Insurance Contribution Act (FICA) and will not deduct such contributions from this settlement.

### D.   REPORTING AND DURATION

25.    At the conclusion of each term of the apprenticeship program, for the first year that this Decree is in effect, Defendant will provide to EEOC the following information:

   a) The full name, race, address, email address, phone number, and apprenticeship term for each apprentice currently enrolled in the program;

   b) A copy of each apprentice's Apprentice Classroom Performance Appraisal form;

   c) A copy of each apprentice's written mid-term progress report; and

d) A copy of each apprentice's report card, including proof that s/he was notified of his/her class rank.

26.     On a monthly basis, for the first year that this Decree is in effect, Defendant will provide to EEOC spreadsheets that include the following information:

a) A list of all contractors for which the apprentice has worked during the month;

b) The ratings assigned to the apprentice by each contractor; and

c) An infraction log reflecting all warnings, counseling sessions, and any other remedial actions taken by JATC pursuant to the Progressive Discipline Policy.

27.     For the first year that this Decree is in effect, Defendant will contemporaneously provide EEOC a copy of all correspondence with contractors that employed apprentices but did not submit timely monthly evaluation forms.

28.     Defendant will send by electronic mail or regular mail any documents, reports, forms, or other information required to be forwarded to EEOC under this Agreement to Michael Ranis, Senior Trial Attorney, at michael.ranis@eeoc.gov, or at EEOC, 33 Whitehall Street, 5th Floor, New York 10004, unless or until such time as another attorney is assigned by EEOC to receive such notices.

29.     This Decree will remain in effect for as long as Defendant must obey the AAAPO or until such time as it is modified by agreement of the parties with the approval of the court or by court order. This Decree will not expire while any enforcement action concerning the Decree is pending. The Court retains jurisdiction to enforce the Decree. The Decree will expire by its own terms when the AAAPO ends without further action

required by the parties or the Court, unless the duration of this Decree has been extended

or an enforcement action is pending.

SO ORDERED, ADJUDGED AND DECREED this 10 day of June 2014.

_____
U.S.D.J.

**APPROVED IN FORM AND CONTENT:**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

By: _____
ROBERT D. ROSE
Regional Attorney
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Phone: (212) 336-3696
Fax:    (212) 336-3623
robert.rose@eeoc.gov
Dated:

LOCAL UNION NO. 25 JOINT APPRENTICESHIP COMMITTEE
AND ITS EDUCATION FUND

By: _____
BENNET D. ZUROFSKY
Attorney at Law
17 Academy Street – Suite 1201
Newark, New Jersey 07102
Phone: (973) 642-0885
Fax:    (973) 642-0946
bzurofsky@zurofskylaw.com
Dated:   6/2/2014

14

APPROVED:

DAVID RAFF, Special Master
New York, New York

Dated: June 6, 2014

# EXHIBIT A

# Anti-Discrimination Training Policy
# SMWIA Local Union No. 25 JATC

The Local 25 Training Coordinator will distribute a written copy of the SMWIA Local Union 25 JATC Anti-Discrimination Policy to all Apprentices who enter the SMWIA Local Union #25 Apprenticeship Training Program on the first day they walk in the door for Orientation. It will be included in the Orientation booklet they receive; it also will be read in its entirety during the morning session of Orientation by the Training Coordinator. After each section is read, it will be explained and any reference to any union official or other in that section will be clarified with respect to who is the current person in that position. The contact information for all JATC officials will also be included in the Orientation booklet.

This portion of the Orientation will include a one-hour presentation by the Ombudsperson and some examples of the kinds of discrimination and harassment prohibited by the JATC's policies, including classroom, on-the-job, and social scenarios, and including interactions among peers and with supervisors/instructors. The presentation also will include instruction on how to lodge a complaint, and an overview of the investigation process. The JATC's commitment to non-retaliation will be stressed. Apprentices will also be made aware of the federal court orders and judgments governing some of the JATC's operations and of the procedure for appealing to Special Master David Raff.

As part of the Ombudsperson's presentation to the Orientation attendees, apprentices will be offered the opportunity to ask questions. The Ombudsperson will also encourage apprentices to speak with him/her on an ongoing basis with questions about the policy or related concerns.

All JATC instructors and staff will be trained annually in the JATC's Anti-Discrimination Policy. MAP counselors also will be offered the opportunity to attend such training.

During the JATC's four (4) annual daytime school weeks the Apprentice Instructors will remind apprentices of JATC and Local 25 policies, including the requirements of the Anti-Discrimination Policy, their obligation to abide by it, and the means it provides for addressing anything covered in the policy. Also during the JATC's four (4) annual daytime school weeks, the MAP Counselor will be given a half hour or more every Wednesday to meet with the apprentices as a group, outside of the presence of any JATC personnel. Although the content of these discussions is respected and confidential, the Local #25 Training Coordinator has been told they include MAP's solicitation of any concerns or difficulties the apprentices may be having on the job, and the manner in which an apprentice may deal with such problems.

At each Quarterly Apprentice meeting where their attendance is mandatory the Ombudsperson will make a brief presentation to remind apprentices that the JATC Anti-Discrimination Policy, including the procedure for making a complaint under the Policy, is in their Apprentice Handbook, and will encourage apprentices to speak with him/her on an ongoing basis with questions about the Policy or related concerns. Apprentices will be offered the opportunity to ask questions. Additional copies of the Anti-Discrimination Policy will also be available at the meetings and will be provided to any apprentice upon request.

# EXHIBIT B

# Anti-Discrimination Policy – SMWIA Local Union No. 25 JATC

### Article I. Purpose

The JATC has a commitment to this policy of nondiscrimination as part of its mission and goals. This policy states expectations for JATC and individual JATC participants' conduct. It applies to all JATC participants, instructors and employees with respect to all educational, employment and social activities occurring as part of any JATC programs.

It is the responsibility of all JATC instructors and employees to ensure that no discrimination, harassment, or retaliation occurs. JATC participants are expected to refrain from any conduct defined by this policy as discriminatory, harassing, or retaliatory, and to create a positive learning and working environment for their peers.

Contractors that employ apprentices are bound by the non-discrimination provisions of their contract with Local 25 and are expected to refrain from any conduct defined by this policy as discriminatory, harassing, or retaliatory, and to create a positive learning and working environment for their apprentices.

### Article II. Prohibited Conduct

Acts of discrimination, harassment, or retaliation are prohibited. Acts are prohibited under this policy if they:

1.      Discriminate against any JATC participant, instructor or employee in recruitment, selection, employment, training, and access to JATC facilities on the basis of race, gender (including pregnancy), national origin, color, religion, age, disability, genetic information, ancestry, creed (belief), marital status, political persuasion, sexual or affectional orientation, and/or veteran status.

2.      Examples of prohibited discrimination include but are not limited to JATC's failure to offer equal learning or employment opportunities or to uniformly apply rules and regulations concerning apprentices, such as equality of wages, assignment of work, classroom performance, job performance, promotion, rotation among all work processes of the trade, imposition of penalties, or disciplinary action. Harassment of any JATC participant, instructor or employee on the basis of any of the characteristics listed in Paragraph 1, above is also prohibited. Among those prohibited from engaging in unlawful harassment are JATC instructors, staff and apprentices. Others who are prohibited by law from engaging in such conduct include persons who are not employed by the JATC, such as contractors that employ apprentices and employees and officers of Local 25.

Examples of prohibited harassment include, but are not limited to:

- Offensive or degrading remarks, verbal abuse, or other hostile behavior such as insulting, teasing, mocking, degrading or ridiculing another person or group;
- Racial slurs, derogatory remarks about a person's accent, or display of racially offensive symbols;
- Unwelcome or inappropriate physical contact, comments, questions, advances, jokes, epithets or demands;
- Physical assault or stalking;

- Displays or electronic transmission of derogatory, demeaning or hostile materials; and
- Unwillingness to train, evaluate, assist, or work with an employee.

A hostile work environment results from harassing conduct that has the purpose or effect of unreasonably interfering with an employee's work performance or learning environment, or creates an intimidating, hostile or offensive working or learning environment on the basis of any of the characteristics listed in Paragraph 1, above.

3.      Gender discrimination includes sexual harassment which consists of unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature when an individual's response to such conducts affects that individual's participation in the JATC or creates a hostile or offensive working or learning environment for that individual.

4.      Retaliation against anyone who lodges a complaint of discrimination or harassment, formally or informally, or in any way opposes conduct prohibited by this policy, is strictly prohibited.

### Article III. Filing and Review of Complaints

1.      Any complaint of discrimination, harassment, or retaliation should be reported immediately to the JATC Ombudsperson, the JATC Training Coordinator, the Local 25 Business Manager, and/or to any JATC instructor. All complaints will be forwarded to the Ombudsperson for prompt investigation.

- Complaints may be submitted directly to the Ombudsperson [add name] by any of the following methods: Telephone: [add number]
- Email: [add dedicated email address]
- In person:  [add address]

2.      The Ombudsperson will conduct a prompt, thorough and impartial investigation of a complaint. S/he will make every effort to complete the investigation within thirty (30) days of a report of discrimination or harassment. The Ombudsperson may find it necessary to extend the time period for completing an investigation in some circumstances. The Ombudsperson will provide the complainant and the alleged wrongdoer with notice of any extension and give them a new timetable for completion of the investigation.

3.      The investigation will include an interview with the complainant. It also may include interviews with the person who made the initial report, the alleged wrongdoer, and/or any other person who may have information regarding the allegations, each of whom is encouraged to cooperate with any investigation. The Ombudsperson may also review relevant documents. All JATC instructors, staff and apprentices are required to cooperate with any efforts the Ombudsperson may make to interview them in the course of an investigation.

4.      All witnesses interviewed in the course of the investigation will be encouraged keep confidential the fact of the investigation and the matters discussed during the interview, and will be reminded of JATC's strict policy against retaliation. The purpose of this provision is to protect the confidentiality of the complaining person within the JATC program, to encourage the reporting of any incidents of discrimination, and to protect the reputation of any individual wrongfully charged with discrimination.

2

This provision is not intended to prevent or discourage apprentices from working with each other in order to file a joint complaint or to participate in an investigation by the Ombudsperson.

5.      At the conclusion of the investigation the Ombudsperson will issue a written report and recommendation (R & R) to the JATC Board of Trustees. The complainant, the Equal Employment Opportunity Commission, and Special Master David Raff will all receive copies of each investigative report and recommendation.

6.      Within ten (10) business days of receipt of the Ombudsperson's R & R, the complainant and/or the alleged wrongdoer shall submit in writing to the Trustees any objections.

7.      Within fifteen (15) business days of complainant's objections to the Ombudsperson's R & R, if any,   the JATC Board of Trustees will issue to the complainant a written decision accepting, modifying, or rejecting it, and will document what remedial action to take, if any, to stop the discrimination, harassment, or retaliation and prevent its recurrence. The Trustees may find it necessary to extend the time period for completing review of the matter in some circumstances. The Trustees will provide the complainant and the alleged wrongdoer with notice of any extension and give them a new timetable for completion of their review and issuance of a decision.

8.      Remedial action may include discipline up to and including discharge from employment at JATC or from the JATC program.  Where the investigation substantiates a complaint of discrimination, harassment, or retaliation against an employer of a JATC participant, remedies may include any measures available to Local 25 pursuant to its collective bargaining agreements or pursuant to the court orders and judgments overseen by Special Master David Raff.

9.      If a complainant is not satisfied with the JATC's decision regarding the report and recommendation, s/he may file an appeal with the Special Master.

10.      Where an apprentice raises a complaint of discrimination, harassment, or retaliation in the course of disciplinary proceedings by the JATC Disciplinary Committee, the complaint will be forwarded to the Ombudsperson for investigation at the time the Committee completes its deliberations.

11.      This policy is in addition to any rights that JATC participants may have pursuant to Title VII, the New Jersey Law Against Discrimination, or any other relevant Federal or State law, as well as any rights pursuant to the court orders and judgments overseen by Special Master David Raff.