Case 1:71-cv-02877-LAK-JCF   Document 350   Filed 04/12/16   Page 1 of 9
Case 1:71-cv-02877-LAK-JCF   Document 347-1   Filed 03/25/16   Page 1 of 9
Case 1:71-cv-02877-LAK-JCF   Document 341-1   Filed 01/15/16   Page 1 of 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, *et al.*,

      Plaintiffs,

- against -

LOCAL 638 . . . ,
LOCAL 25 OF THE SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION, LOCAL 25 JOINT
APPRENTICESHIP TRAINING COMMITTEE, *et al.*,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

71 Civ. 2877 (LAK)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/12/16

## SETTLEMENT AGREEMENT AND CONSENT ORDER

This Consent Order is entered into by Plaintiff Equal Employment Opportunity Commission ("EEOC") and Defendants Local 25 of the Sheet Metal Workers' International Association ("Local 25") and Local 25 Joint Apprenticeship Training Committee ("Joint Apprenticeship Training Committee") (collectively, the "Parties"). The U.S. Government—later replaced by the EEOC—brought this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e *et seq.*, to correct unlawful employment practices on the basis of race and national origin, including disparate treatment in hiring, termination, and the assignment of hours and wages, and to provide appropriate relief to non-white sheet-metal workers who are affected by such unlawful practices.

### BACKGROUND

WHEREAS, the EEOC and Defendants Local 25 and the Joint Apprenticeship Training Committee desire to settle this matter, in part, with regard to claims from April 1, 1991, through

1

Case 1:71-cv-02877-LAK-JCF   Document 350   Filed 04/12/16   Page 2 of 9
Case 1:71-cv-02877-LAK-JCF   Document 347-1   Filed 03/25/16   Page 2 of 9
Case 1:71-cv-02877-LAK-JCF   Document 341-1   Filed 01/15/16   Page 2 of 9

December 31, 2002, and therefore do hereby stipulate and consent to entry of this Consent Order as final and binding between the Parties;

WHEREAS, Defendants Local 25 and the Joint Apprenticeship Training Committee (collectively, "Defendants") have been contributing to a settlement fund for these claims over a period of time, in amounts set to allow them to maintain viability through recent economic conditions;

WHEREAS, as of June 16, 2015, each Defendant has contributed $825,000 to the settlement fund, for a total of $1,650,000 that is now available for distribution;

WHEREAS, this Consent Order resolves all of the EEOC's claims against Defendants in this matter concerning the period of April 1, 1991, through December 31, 2002, and releases Defendants from all such claims for that period;

WHEREAS, this Consent Order incorporates by reference the Stipulation and Order Regarding the Local 25 Referral Hall, ECF No. 174, filed June 18, 2009, and approval of this Consent Order by the Court will make effective the associated requirements of that Order;

WHEREAS, the terms of this Consent Order represent the full and complete agreement of the parties on the matters addressed herein;

WHEREAS, the Parties have agreed that this Consent Order may be entered by the Court without findings of fact and conclusions of law having been made and entered by the Court. The Court has jurisdiction of the subject matter of this action and over the Parties, venue is proper, and all administrative prerequisites have been met. Defendants will not contest the validity of this Consent Order, or the jurisdiction of the United States District Court for the Southern District of New York to enforce this Consent Order and its terms;

Case 1:71-cv-02877-LAK-JCF   Document 350   Filed 04/12/16   Page 3 of 9
Case 1:71-cv-02877-LAK-JCF   Document 347-1   Filed 03/25/16   Page 3 of 9
Case 1:71-cv-02877-LAK-JCF   Document 341-1   Filed 01/15/16   Page 3 of 9

WHEREAS, the EEOC notified the Claimants under this settlement via letter, an example of which is attached as Exhibit A,[1] and allowed the Claimants 45 days to respond with questions and/or to submit written objections regarding the fairness of the Distribution;

WHEREAS, because, within those 45 days, the EEOC added two additional Claimants to the settlement, which required a recalculation of all the Claimants' awards, the EEOC recalculated the awards, notified the Claimants of the recalculation via a second letter, an example of which is attached as Exhibit B, and allowed the Claimants additional time to respond with questions and/or to submit written objections;

Whereas, one Claimant submitted a written objection to the EEOC regarding the fairness of the Distribution, which the EEOC submitted to the Special Master and Local 25, and which the Special Master resolved via Order filed December 7, 2015 (ECF 339);

WHEREAS, because the Special Master's December 7th Order required a recalculation of all the Claimants' awards, the EEOC recalculated the awards, notified the Claimants of the recalculation via a third letter, an example of which is attached as Exhibit C, and allowed the Claimants 30 days to respond with questions and/or to submit written objections, but no Claimant objected;

WHEREAS, in consideration of the mutual promises of each Party to this Consent Order, as set forth herein, the sufficiency and appropriateness of which is hereby acknowledged by the Court;

NOW, THEREFORE, it is ORDERED, ADJUDGED, AND DECREED as follows:

---

[1] The total damages amount listed in Exhibits A and B were based on the class of Claimants known at the time each of those letters were written. With the addition of two Claimants and the recalculation of one Claimant's damages amount, as described below, the total damages amount changed to the current total amount, which is the total amount reflected in Exhibits C and D.

3

Case 1:71-cv-02877-LAK-JCF   Document 350   Filed 04/12/16   Page 4 of 9
Case 1:71-cv-02877-LAK-JCF   Document 347-1   Filed 03/25/16   Page 4 of 9
Case 1:71-cv-02877-LAK-JCF   Document 341-1   Filed 01/15/16   Page 4 of 9

## CONSENT ORDER

### A.  Specific Injunctions

1. Local 25, its managers, officers, agents, or any other person or entity acting on behalf of Local 25, are hereby enjoined from discriminating against any journeyperson or apprentice on the basis of race and national origin, including with regard to hiring, termination, and the assignment of hours and wages, or otherwise thwarting, frustrating, impairing, or impeding the goals of the orders or instructions of the Court in this matter.

2. The Joint Apprenticeship Training Committee, its managers, officers, agents, or any other person or entity acting on behalf of the Joint Apprenticeship Training Committee, are hereby enjoined from discriminating against any journeyperson or apprentice on the basis of race and national origin, including with regard to hiring, termination, and the assignment of hours and wages, or otherwise thwarting, frustrating, impairing, or impeding the goals of the orders or instructions of the Court in this matter.

### B.  Monetary Relief

1. Defendants will pay the total sum of $1,650,000.00 to the Claimants identified by the EEOC in amounts determined by the EEOC and approved by the Court.

2. Following entry of this Consent Order, and within 21 days of Defendants' receipt of each Claimant's current address, social security number, and signed release from the EEOC, Defendants will pay the total sum of $1,650,000.00 to the Claimants identified by the EEOC in amounts determined by the EEOC, as explained in the Distribution of Settlement Funds to Claimants, attached as Exhibit D (the "Distribution"), filed under seal. Defendants will send the check, via certified mail, return receipt requested, to each Claimant at the address provided by

4

Case 1:71-cv-02877-LAK-JCF   Document 350   Filed 04/12/16   Page 5 of 9
Case 1:71-cv-02877-LAK-JCF   Document 347-1   Filed 03/25/16   Page 5 of 9
Case 1:71-cv-02877-LAK-JCF   Document 341-1   Filed 01/15/16   Page 5 of 9

the EEOC. An IRS Form 1099 will be timely sent to each claimant at the same address. Copies of the checks and tax forms will be provided to the EEOC immediately upon their issuance.

3. As a reasonable arrangement to meet its legal obligations under this Consent Order the Joint Apprenticeship Training Committee shall transfer the $825,000.00 in its Settlement Reserve Fund to Local 25 which shall combine said funds with the $825,000.00 held in its Settlement Reserve Fund and then make the distribution to the Claimants and perform all of the accounting and administrative tasks required in connection with that distribution in accordance with the terms of this Consent Order.

4. The Joint Apprenticeship Training Committee's transfer of its Settlement Reserve Fund as set forth in the preceding paragraph and its payment of one-half (50%) of the actual administrative and accounting costs incurred in connection with the required distribution to the Claimants are hereby declared to be fully lawful and in accordance with 29 U.S.C. § 186(c)(2) and 29 U.S.C. § 1108(b)(2).

C. **Miscellaneous Provisions**

1. This Consent Order will remain in effect for as long as Local 25 and/or Joint Apprenticeship Training Committee must obey any other Orders in this matter, or until such time as it is modified by agreement of the Parties with the approval of the Special Master or the Court. The Special Master and the Court retain jurisdiction to enforce this Consent Order. This Consent Order will not expire while any enforcement action concerning this Consent Order is pending. This Consent Order will expire by its own terms when all other Orders in this matter end, without further action required by the Parties or the Court, unless the duration of this Consent Order has been extended or an enforcement action is pending.

Case 1:71-cv-02877-LAK-JCF   Document 350   Filed 04/12/16   Page 6 of 9
Case 1:71-cv-02877-LAK-JCF   Document 347-1   Filed 03/25/16   Page 6 of 9
Case 1:71-cv-02877-LAK-JCF   Document 341-1   Filed 01/15/16   Page 6 of 9

2.   This Consent Order resolves all of the EEOC's claims against Defendants in this matter concerning the period of April 1, 1991, through December 31, 2002, and releases Defendants from all such claims for that period.

3.   This Consent Order does not affect the EEOC's right to proceed against Defendants in this matter for allegations of discrimination after December 31, 2002. This Consent Order also does not affect the EEOC's right to process any pending or future charges that may have been or will be filed against Defendants or commence civil actions on any such charges. The EEOC reserves all rights to proceed regarding matters not covered in this Consent Order. Defendants will not contest the right of the EEOC to bring an enforcement action upon the alleged breach of any term of this Consent Order by Defendants.

4.   Defendants make no admissions of any sort by entering into this Consent Order, and preserve all of their defenses to any future charges or enforcement actions that the EEOC may choose to bring. This Consent Order has been entered into solely to resolve this dispute and to avoid the cost of litigation. Defendants do not admit the allegations in this matter and expressly deny that they have violated any Court Orders or Judgments or Title VII or any other statute at any time.

5.   Each signatory to this Consent Order represents that (s)he is fully authorized to execute this Consent Order and to bind the Parties on whose behalf (s)he signs.

6.   If one or more provisions of this Consent Order are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Consent Order continues to effectuate the intent of the Parties. The provisions of this Consent Order which are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and

Case 1:71-cv-02877-LAK-JCF   Document 350   Filed 04/12/16   Page 7 of 9
Case 1:71-cv-02877-LAK-JCF   Document 347-1   Filed 03/25/16   Page 7 of 9
Case 1:71-cv-02877-LAK-JCF   Document 341-1   Filed 01/15/16   Page 7 of 9

effect and the Parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Consent Order would be undermined. By mutual consent of the Parties, this Consent Order may be amended in the interests of justice and fairness and to facilitate execution of this Consent Order's provisions. No waiver, modification, or amendment of any provision of this Consent Order will be effective unless made in writing, approved by all Parties to this Consent Order, and approved or ordered by the Court.

7. A breach of any term of this Consent Order by Defendants will be deemed a material and substantive breach of this Consent Order. Nothing in this Consent Order will be construed to preclude EEOC from bringing proceedings to enforce this Consent Order if Defendants fail to perform any of the terms contained herein. This Consent Order will be construed by this Court under federal law.

Case 1:71-cv-02877-LAK-JCF   Document 350   Filed 04/12/16   Page 8 of 9
Case 1:71-cv-02877-LAK-JCF   Document 347-1   Filed 03/25/16   Page 8 of 9
Case 1:71-cv-02877-LAK-JCF   Document 341-1   Filed 01/15/16   Page 8 of 9

APPROVED IN FORM AND CONTENT:

For Plaintiff EEOC:

Date: January 15, 2016

_____
Raechel L. Adams
Acting Regional Attorney

_____
Michael Ranis
Senior Trial Attorney

_____
Thomas S. Lepak
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York, 10004

For Defendant Local 25

Date: JAN. 13, 2016

_____
Joseph Demark Jr.
President/Business Manager

For Defendant Joint Apprenticeship Training Committee

Date: JAN 13, 2016

_____
Joseph Demark Jr.
Co-Chairman

Date: 1-13-16

_____
Richard W. Haenssler
Co-Chairman

8

Case 1:71-cv-02877-LAK-JCF   Document 350   Filed 04/12/16   Page 9 of 9
Case 1:71-cv-02877-LAK-JCF   Document 347-1   Filed 03/25/16   Page 9 of 9
Case 1:71-cv-02877-LAK-JCF   Document 341-1   Filed 01/15/16   Page 9 of 9

Recommended for Approval: ___David Raff___   Dated: 3/25/16
David Raff, Special Master
RAFF & BECKER LLP
470 Park Avenue South
New York, New York 10016
(212) 732-5400

SO ORDERED:

Date: ___4/11/16___