# MEMO ENDORSED

**RAFF & BECKER, LLP**
ATTORNEYS - AT - LAW
1297 Atlantic Beach
New York, N.Y. 11509

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/2023

DAVID RAFF, SPECIAL MASTER
--------
Phone: (212) 732-5400, Ext. 232

FACSIMILE
(212) 732-0270

E-MAIL ADDRESS
raffd@raffbecker.com

June 27, 2023

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Granted.
SO ORDERED.

/s/ Lewis A. Kaplan
Lewis A. Kaplan, U.S.D.J.

Dated: June 28, 2023

Re:   EEOC v. Local 580, et al., 71 Civ. 2877 (LAK-RWL)

Dear Judge Kaplan,

    As the Federal Court Appointed Special Master in the above referenced case, I am writing to request August 28, 2023, as the date by which to submit my Response Report and Recommendation to the Parties' June 23, 2023, renewal Joint Motion in Support of Proposed Consent Decree, Plaintiff EEOC's Memorandum in Support of Joint Motion to Approve Consent Decree ("EEOC's Renewal Memorandum") and the other supporting filings, including the EEOC's Revised Expert Report of Dr. Erich Cromwell, (*see* Dkt. Nos. 504-507 and exhibits.

    In its March 30, 2022, Memorandum and Order, (Dkt. 474), the Court dismissed the Parties' original Joint Motion, (Dkt. Nos. 430-432, 470-471*)*, "without prejudice to renewal on the *existing papers* together with the further submissions required," (Dkt. 474 at 2) (emphasis added). The required submissions were to be limited to "the data underlying [the EEOC's] pre-settlement analysis and a 'detailed accounting' of the Parties efforts to achieve proportionate working hours." (*Id.*). During a May 24, 2022, conference with the Court, the EEOC was instructed to confer with the Special Master to review the underlying data, with the goal of permitting the EEOC to submit a revised disparity of work hours report instead of requiring the EEOC to provide the actual data to the Court. That effort led to Dr. Erich Cromwell's February 2023 Revised Expert Report, (*see* Dkt 506-2).

    Rather than submitting the renewal motion "on the existing papers" and just the submissions required in the Court's Memorandum and Order (Dkt. 474 at 2), the EEOC's Renewal Memorandum proceeds to supplement "those filings *to emphasize new arguments in support for the proposed Consent decree,*" (Dkt. 507 at 2i) (emphasis added). The Parties also submitted a

r a f f d

The Honorable Lewis A. Kaplan
June 27, 2023
Page 2

new Declaration from Peter Myers ("Myers Second Declaration") (Dkt. 506-3). Neither that Second Declaration, which makes entirely *new* factual claims concerning the conduct and costs of the Special Master, nor any other of the Parties' renewal motion submissions provides the "detailed accounting of the Parties efforts to achieve proportionate working hours" as directed by the Court, (Dkt. 474 at 2).

Thus, the Parties' renewal motion goes well beyond their "existing papers" by introducing arguments and factual assertions not previously raised. In addition, the EEOC submits the Revised Expert Report based upon data that neither Local 580 nor the EEOC had available to them during the original pre-settlement efforts.[1] In fact, in terms of analyzing dispatches from the Local 580 Hiring Hall and job locations of journeypersons for, at least, the Apprentice Years 2009-2017, Dr. Cromwell concedes the data was not fully or properly entered into Local 580's recordkeeping system, making the Hiring Hall data entered before June 2018 unreliable and unusable for analytical purposes. (*See* Cromwell's Revised Expert Report at 24 ¶ 61 and n. 18) (Dkt. 506-2 at 24 ¶ 61 and n. 18).

The Special Master's data expert needs time to analyze the EEOC's Revised Expert Report in the context of the new arguments the EEOC now proffers in its Renewal Memorandum and to prepare a responding expert report. In turn, once I receive my data expert's report, I need time to incorporate it into a Responding Report and Recommendation. I also need time to research and prepare responses to both the EEOC's new additional arguments and to the new assertions made in the Myers Second Declaration, (Dkt. 506-3).

From the Court's March 30, 2022, Memorandum and Order dismissing the Parties' original Joint Motion for Approval of Consent Decree, it took the Parties more than a year to file their renewal motion. And the Parties' filing was nearly four months after it received Dr. Cromwell's February 2023 final Revised Report. Under all of the aforementioned circumstances, the requested August 28, 2023, filing date is reasonable and would not prejudice the Parties.

It is, therefore, respectfully requested that the Court grant my request that the Special Master's Response Report and Recommendation be filed by August 28, 2023.

Respectfully Submitted,

David Raff
Special Master

---

[1] The EEOC had Dr. Erich Cromwell prepare the original expert's statistical report, which was dated February 2022 (Dkt. 471-3), only after the Special Master pointed out, in his January 5, 2021, Report and Recommendation (Dkt. 235 at 4-5), that the EEOC had not filed any proof or expert report in support of its assertion that only "'some disparities in hours worked by minority and nonminority union members remain,'" (Memorandum and Order dated December 15, 2021, at 2 (Dkt. 462 at 2)) (*quoting* EEOC's original Memorandum at 10 (Dkt. 431 at 10)).

raf:d