UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
                                                  )

U.S. EQUAL EMPLOYMENT              **Case No. 71-CV-2877 (LAK-RWL)**
OPPORTUNITY COMMISSION,      )

                                                  **(Before the Special Master)**

                *Plaintiff,*         )

v.                                           )

LOCAL 638 . . .                         )          **ORDER TO SHOW CAUSE**
LOCAL 25 OF THE SHEET
METAL WORKERS'                )
INTERNATIONAL ASSOCIATION,
LOCAL 25 JOINT APPRENTICESHIP   )
COMMITTEE . . . SHEET METAL AND
AIR CONDITIONING CONTRACTORS  )
ASSOCIATION OF NORTHERN NEW
JERSEY, INC., ETC.                )

                *Defendants.*     )

---------------------------------------------------------X

This matter being opened to the Court before the Special Master by Local 25 of the Sheet Metal Workers' International Association ("Local 25") (Robert A. Fagella, Esq. and Bennet D. Zurofsky, Esq., jointly appearing) upon notice to all attorneys of record; and

The Special Master having reviewed the Letter Brief and Certification of the Record filed herein; and

There being a dispute between Defendant Local 25 and Fed.R.Civ.P. Rule 19 Defendant Sheet Metal and Air Conditioning Contractors Association of Northern New Jersey ("SMCA-NNJ") regarding implementation of the 1:3 hiring ratio set forth in the collective bargaining agreement and the 1:3 hiring ratio required by the Court in the 2009 Referral System Rules Order and approved by the Special Master in the 2021 Referral System Revised Rules (Dkt 438); and

It also appearing that the matter may be resolved summarily or alternatively through scheduling of limited discovery and a hearing:

**IT IS HEREBY ORDERED**, on this 16th day of October, 2023:

That Rule 19 Defendant SMCA-NNJ show cause before the Special Master on November 1, 2023, at 11 a.m., via Zoom conference, why an Order should not be entered requiring it to either execute the Memorandum of Agreement (attached hereto as Exhibit "A") or, alternatively, why the Special Master should not, in accordance with his authority (*see* the Order and Judgment entered September 2, 1975 in *EEOC, etc. v. Local 638 . . . Local 28 et al*, 1975 WL 11915, at ¶¶ 14, 14(f), 15, and 21(g);[1] and the June 18, 2009, Stipulation and Order Regarding the Local 25

---

[1] It is assumed that all parties to the *Local 25* case are familiar with the May 17, 1983 Stipulation and Order binding Local 25's predecessors to the Local 28 orders and the subsequent successorship opinions of Judges Henry F. Werker and Robert L. Carter as all parties were served with these orders when originally issued.

2

Referral Hall, 71-cv-2877 (Carter, J.) at Exhibit "A" ¶¶ 24-25, as modified by the February 18, 2021, Stipulation and Order Adopting Revised Local 25 Referral Hall Rules, at Exhibit "A" ¶¶ 28-29 (Dkt. 438)), issue an Order amending the Referral Hall Rules in accordance with the terms of the proposed Memorandum of Agreement (attached hereto as Exhibit "A") as the Special Master deems appropriate and necessary to ensure that the language, purpose, and intent of the Referral Hall Rules, are fulfilled by SMCA-NNJ; and it is

**FURTHER ORDERED**, that any opposition to the application shall be filed with the Court, all parties, and the Special Master on or before October 27, 2023.

/s/ *David Raff*
David Raff, Special Master

Exhibit A

# MEMORANDUM OF AGREEMENT RE: ARTICLE VI, SECTION 2 OF THE LOCAL 25 – SMCA-NNJ ADDENDUM

This Memorandum of Agreement resolves various questions that have arisen as to the interplay of the Contractors' recall rights contained in the third paragraph of Addendum Article VI, Section 2 and the 1:3 ratio requirement for hiring through the referral system contained in the second paragraph of Addendum Article VI, Section 2.

It is hereby agreed:

1. Except as provided in paragraph 2 of this Memorandum of Agreement, a Contractor may recall any journeyperson whom it has laid off within the previous two weeks without the hire being considered a new hire for purposes of 1:3 ratio calculation or enforcement.

2. Subject to the requirements of paragraph 3 of this Memorandum of Agreement, a Contractor may recall any journeyperson employed as a Superintendent, General Foreman, Foreman, Sketcher, or Certified Welder engaged in welding whom it has laid off within the previous year without the hire being considered a new hire for purposes of 1:3 ratio calculation or enforcement.

3. Whenever a Contractor recalls a journeyperson in accordance with the provisions of paragraph 2 of this Memorandum of Agreement, it must provide documentation to the referral hall proving that the journeyperson had been employed by the Contractor in the same classification he or she is being hired to fill within the previous year.  Unless such proof is provided to the referral hall at the same time the hire is made it will be considered a new hire for purposes of 1:3 ratio calculation and enforcement.

| | |
|---|---|
| **SHEET METAL CONTRACTORS ASSN. OF NORTHERN NJ** | **SHEET METAL WORKERS LOCAL UNION 25** |
| **By:**_____ _____ (Print Name) _____ (Print Title) | **By:**_____ President/Business Manager JOSEPH DEMARK, JR. |
| **Date:**_____ | **Date:**_____ |