UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, THE CITY OF NEW YORK and THE
NEW YORK STATE DIVISION OF HUMAN RIGHTS,

                Plaintiffs,

     - against -                                                71 Civ. 2877 (LAK)

LOCAL 638 . . .
LOCAL 25 OF THE SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION, LOCAL 25 JOINT
APPRENTICESHIP COMMITTEE, *et al.*,

                Defendants.

------------------------------------------X

## STIPULATION AND CONSENT ORDER

This Stipulation and Consent Order is entered into by Plaintiff Equal Employment Opportunity Commission ("EEOC") and Defendants Local 25 of the Sheet Metal Workers' International Association ("Local 25") and Local 25 Joint Apprenticeship Committee ("JATC") (collectively, the "Parties"). The U.S. Government—later replaced by the EEOC—brought this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e *et seq.*, to correct unlawful employment practices on the basis of race and national origin, including disparate treatment in hiring, termination, and the assignment of hours and wages, and to provide appropriate relief to non-white sheet-metal workers who are affected by such unlawful practices.

WHEREAS, on April 12, 2016, the Honorable Lewis A. Kaplan, U.S.D.J., approved and filed a "Settlement and Consent Order" resolving all of the EEOC's claims against Local 25 and JATC (collectively, "Defendants") in this matter concerning the period of April 1, 1991, through December 31, 2002, and released Defendants from all such claims for that period; and

WHEREAS, pursuant to the terms of said "Settlement and Consent Order," Defendants established a Settlement Reserve Fund of $1,650,000 for the purpose of distributing all of said funds to back pay Claimants identified by the EEOC, paying to each the amount determined to be owed to each by the EEOC; and

WHEREAS, acting in accordance with the instructions received from the EEOC, the Defendants have distributed a total of $1,527,650.56 from said Settlement Reserve Fund to 37 of the 39 Claimants identified by the EEOC; and

WHEREAS, Pursuant to ECF No. 365, the balance of the Settlement Reserve Fund was transferred to the Special Master to hold in a "Local 25 Back Pay Settlement Special Account" within the ETER Fund Operating Account so that the EEOC could locate the remaining two claimants or their heirs or, if that effort was unsuccessful, to redistribute the funds to the remaining claimants; and

WHEREAS, the Special Master paid $75,110.55 to one of the remaining claimants, leaving a balance of $47,238.89 in the Local 25 Back Pay Settlement Special Account within the ETER Fund Operating Account; and

WHEREAS, the EEOC has not been able to locate the remaining claimant's heirs despite diligent efforts.

THEREFORE it is ORDERED and DECREED, as follows:

1. The Special Master shall transfer the $47,238.89 in the Local 25 Backpay Settlement Special Account to Local 25 within 21 days of the approval of this Order by the Court for the purpose of distributing it to the remaining claimants.

2. The EEOC has made diligent efforts to identify and notify the remaining 38 claimants of their eligibility to receive additional monies under the settlement. The EEOC mailed

claims forms to the last known address of the 38 remaining claimants and called the last recorded phone numbers for each claimant to notify them of the claims process. For any claimant whose form was not returned, the EEOC searched for their addresses in Accurint, a comprehensive database of public records, and mailed a claim form to the last known address listed in the database. The EEOC also called each claimant at the last known phone number provided by Local 25 as well as the phone numbers identified in Accurint.

3. The EEOC has located 28 claimants, or their next of kin, to receive the remaining funds. Local 25 shall accept as accurate the information provided by the EEOC.

4. The EEOC has provided Local 25 as well as the Special Master with a spreadsheet identifying each claimant, as well as their next of kin if the claimant is deceased, with the following information: the amount that they will receive from the redistribution, their social security number, and the address where the check should be mailed. Each claimant shall receive a share of the $47,238.89 in proportion to their share of the original settlement. For those next of kin for which Local 25 requires W-9 forms, the EEOC will provide the forms within 5 days of the execution of this stipulation. The payments will be designated compensatory damages and Local 25 shall issue the appropriate 1099 Forms to the recipients.

5. Within 14 days of the receipt the funds from the Special Master, Local 25 shall pay the $47,238.89 to the claimants, or their next of kin, that have been identified by the EEOC in the amounts specified by the EEOC. Local 25 shall mail the check by certified mail to the individuals identified by the EEOC. Local 25 shall also email copies of the checks to the EEOC at elaine.edwards@eeoc.gov and kimberly.cruz@eeoc.gov .

6. Upon completion of the foregoing requirements, Local 25 shall have discharged any and all responsibilities for backpay distributions required by this Order.

STIPULATED AND AGREED IN FORM AND CONTENT:

For Plaintiff EEOC:

Date: 9/30/2024

_____
Sebastian Riccardi
Trial Attorney

Kimberly Cruz
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office

33 Whitehall Street, 5th Floor
New York, New York, 10004
Tel: 929-506-5340
Sebastian.riccardi@eeoc.gov
Kimberly.cruz@eeoc.gov

For Defendant Local 25:

Date: 10/10/24

_____
Joseph Demark Jr.
President/Business Agent

For Defendant JATC:

Date: 16/11/24

Co-Chairman

_____
Joseph Demark Jr.

_____
Richard W. Haenssler
Co-Chairman

APPROVED on this 11th day of October, 2024:

_____
David Raff, Special Master

SO ORDERED on this ____ day of _____, 2024:

_____
LEWIS A. KAPLAN, U.S.D.J.